WILSON HAIGHT AND MARY F. PHELPS v. EDWARD ARNOLD
AND JOHN W. ACKLEY.

*Affidavit of non-execution.*

In an action brought before a justice against two persons as partners
charging them as makers of a promissory note process was served
on only one of the defendants and he filed an affidavit of non-execu-
tion reciting that he did not sign the note nor authorize any person
to sign it for him. *Held,* sufficient.

An affidavit of the non-execution of an instrument sued upon should not
be construed technically, but should be held sufficient if evidently
intended in good faith to meet the plaintiff's case.

Error to Van Buren. Submitted June 7. Decided
June 14.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*Jerome Coleman* for appellants. A note on which suit is
brought may be given in evidence unless its execution is
denied on oath at the time of pleading : *Burson v. Hunting-
ton* 21 Mich. 427; this applies also to partnership paper :
*Pegg v. Bidleman* 5 Mich. 26 ; and plaintiff need not aver
partnership : *Danaher v. Hitchcock* 34 Mich. 516; the affi-
davit in this case was insufficient : *Mills v. Bunce* 29 Mich.
364.

*William H. Tucker* for appellee.

COOLEY, J. Defendants were sued in justice's court as
makers of a promissory note. The note was signed " Arnold
& Ackley," and defendants were declared against as part-
ners. Arnold alone was served with process. To cast upon
the plaintiffs the burden of proving the note, Arnold made
and filed with the justice an affidavit in which, referring to
the note which was on file, he affirmed that " he did not
sign the same, neither did he authorize any person to sign
it for him." The justice held that this was not a sufficient

denial of the execution of the note by the alleged partner-ship, and entered up judgment upon it as upon admission. The circuit court reversed the judgment.

It has seemed to me that this affidavit was evasive, and that Arnold in making it intended to make his denial of individual execution accomplish the purpose of a denial of partnership execution, which perhaps he could not truth-fully make. But my brethren think the affidavit sufficient,. and it must be so held. They think that a denial of execu-tion by himself or by any one authorized by him is at least an argumentative denial of execution by any partnership of which he was a member; and that that was sufficient to put the plaintiffs to the proof of the instrument. We all agree that the affidavit should not be technically construed, but should be held sufficient if in good faith it seemed to be intended to meet the plaintiff's case. *McCormick v. Bay City* 23 Mich. 457.

The judgment will be affirmed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred.