MINOS McROBERT v. OBADIAH CRANE, IMPLEADED WITH WILLIAM GREGG, EGBERT E. KEELER, NELSON A. DUNNING AND WILLIAM W. ROOT.

*Affidavit of non-execution.*

The execution of a partnership note must be proved where only one of the defendants appears, and after pleading and in the course of the trial, files with plaintiff's consent and the court's leave, a sufficient affidavit of its non-execution, so far as he is concerned. Circuit Court Rule 79.

An affidavit of the non-execution of a partnership note is sufficient, when filed by one of the partners, if it shows that deponent did not sign, execute or deliver it, or expressly or impliedly authorize, direct, empower or consent to its execution, signature or delivery by any other person, and that if signed, executed or delivered by the firm, it was done by another co-partner without deponent's authority, knowledge or consent, against the express agreement on which the partnership was created, for purposes outside of partnership matters, and without any authority in behalf of the partnership.

Error to Ingham.    Submitted Oct. 18.    Decided Oct. 31.

Assumpsit.    Defendant Crane brings error.    Reversed.

*M. V. & R. A. Montgomery* for appellant.

*Chatterton & Haynes* for appellee.

Graves, C. J.    The plaintiff sued on the common counts describing all the defendants except Root as constituents of the firm of William Gregg & Co., and gave notice on the declaration that a note of the following tenor would be given in evidence :

"$1050.                Mason, Mich., March 29, 1880.

Four months after date I promise to pay to the order of E. E. Keeler ten hundred and fifty dollars at the First National Bank, Mason, Michigan, for value received, with interest at ten per cent. after maturity.

WILLIAM GREGG & Co.

Endorsed—N. A. Dunning, E. E. Keeler, W. W. Root. Paid $200, Aug. 2, '80; paid $100, Sept., '80; paid $50, Oct. 5, '80; paid $150, Dec. 9, '80; paid $50, Feb. 13, '81; paid $50, March 31, '81."

The defendants except Crane suffered default.    He pleaded the general issue with notice of special matter of defense, and chiefly that the plaintiff obtained the note after its maturity and paid no consideration; that he, Crane, neither signed, executed or delivered it, or authorized any one to do so, and that this was known to the plaintiff when he got it, and further that the payee gave no consideration and that none existed.    The plea was accompanied by Crane's affidavit that he did not sign nor execute the note nor authorize any person to sign or execute it in his

name or behalf, and that it was not signed, executed or delivered by him, nor by any person by him authorized to sign, execute or deliver it.

The cause was brought to trial before a jury and the plaintiff read in evidence certain articles subscribed by the defendants except Root on February 21, 1878, to create a partnership between them for ten years unless sooner dissolved by mutual consent, for the manufacture and sale of bent stone-boats, log-boats and such other bent material as should be decided on by the firm afterwards. It is unnecessary to quote the provisions. Following the submission of these articles the plaintiff produced the note, the payee of which, as seems to have been admitted, was one of the partners, and offered it in evidence.

The defendant objected; and thereupon and without any ruling on the objection, the defendant by permission of the court and with the consent of the plaintiff, made and filed another affidavit under Circuit Court Rule 79. A copy of this affidavit appears below.* The plaintiff then re-offered

---

* State of Michigan—Circuit Court for the County of Ingham.
Minos McRobert v. Obadiah Crane, impleaded with William Gregg, Egbert E. Keeler, Nelson A. Dunning and William W. Root.
Ingham County, ss.

And now comes the said defendant Obadiah Crane and makes this, his amended affidavit, by leave of the court, to be filed in this cause, and who, being by me duly sworn, deposes and says that he is the defendant above named.

This deponent avers that he did not sign, execute, or deliver the note declared upon in this cause, and upon which this action is brought; nor did deponent expressly or impliedly authorize, direct or empower or consent to the execution, signature, or delivery of said note by any other person; nor was said note executed, signed, or delivered by this deponent, or by any person by him expressly or impliedly authorized to sign, execute, or deliver the same.

And this deponent further says that if the said note was signed, executed, or delivered by the said William Gregg & Co., as the same purports to have been, that the same was executed by one of said copartners other than deponent, without the authority, express or implied, of this deponent, and against the express agreement upon which said copartnership was created, and against the direction of this deponent, and without deponent's knowledge or consent, and for purposes outside of the matters connected with said partnership; and if said note was executed by any member of said partnership in the name of said partnership, deponent avers that the same was executed by the person who signed, executed, and delivered the same without any authority so to do in behalf of said partnership; and deponent positively avers that he never, directly or indirectly, expressly or impliedly, assented to, directed, or authorized

the note, together with the endorsements appearing on it, and again the defendant objected, and explicitly stated his grounds.†

The court overruled the objection and the note with its different endorsements was read to the jury. No other evidence was tendered and the court directed a verdict for the plaintiff.

It will not escape notice that the pleadings informed the plaintiff that the defendant purposed to insist that he was not a party to the note and would put the plaintiff to his proof on that subject. The position of the defendant was therefore no surprise. It will be noticed also that there was no withdrawal or exclusion of the first affidavit and that the second was superadded with the plaintiff's assent. Whether the first was not adequate it is now needless to consider, because we have no doubt of the sufficiency of the second under our former decisions. *McCormick v. Bay City* 23 Mich. 457; *Anderson v. Walter* 34 Mich. 113; *Haight v. Arnold* 48 Mich. 512. The practical effect was to remit the plaintiff to the same showing it would have been necessary for him to make in case the rule of court referred to had not existed. That no such showing was made is obvious.

There was no testimony at all to connect the note with the firm or prove that it was executed and delivered by either of the members or by any person with their authority. Neither was there any evidence of a negotiation by endorse-

---

the signature, execution, or delivery of said note, and this deponent therefore denies the signing, execution, and delivery of said note.

And this deponent further says that the transaction in which and for which said note was given, if the same was given, was not in the line of the business of said partnership, nor did this deponent know that said note was to be given, or was given, until a long time after the execution of the same; and deponent avers that the same was executed secretly, clandestinely, and unlawfully by one or more members of said firm, if the same were executed at all, without the knowledge, direction, authority, or consent of this deponent, and in express violation of the terms of said partnership.

OBADIAH CRANE.

Subscribed and sworn to before me this 31st day of March, A. D. 1882.

LUCIEN REED, Notary Public, Ingham Co., Mich.

† Which were, in effect, that the plaintiff had made no proof of the execution of the note by the defendant.

ment. The case presents no question in regard to the construction of the articles. In view of the lack of other evidence the agreement for a partnership is of no more present importance than blank paper.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.